IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW J. HORNUNG,

                Plaintiff,

v.                                                                  OPINION and ORDER

DONALD BERGBOWER, MARK WESTEN, and          22-cv-87-jdp
ADVANCED CORRECTIONAL HEALTHCARE, INC.,

                Defendants.

---

Plaintiff Matthew J. Hornung, represented by counsel, is suing for injuries he sustained while detained at the Langlade County jail, which is in Antigo, Wisconsin. He alleges that the jail administrator, the sheriff, and the medical contractor violated his constitutional rights by failing to diagnose and treat his appendicitis for several days. The case is before the court to determine whether the complaint states a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. I will dismiss the complaint because Hornung hasn't stated a claim against any of the defendants, but I will give him an opportunity to file an amended complaint that addresses the defects identified in this order.

ANALYSIS

Hornung's allegations are relatively straightforward. He says that he repeatedly complained to jail "medical staff" over the course of at least three days about "obvious" symptoms of appendicitis, including abdominal pain, nausea, vomiting, and fever in February 2019, but staff did nothing but give Hornung nonprescription medication for stomach upset.

Dkt. 2, ¶¶ 12, 18. By the time Hornung was taken to the hospital, he had developed peritonitis in addition to acute appendicitis, and he had to remain hospitalized for several days.[1]

Hornung doesn't say in his complaint whether he was a convicted prisoner, a pretrial detainee, or an arrestee during the relevant time. This is important because it determines the legal standard that the court applies. The Eighth Amendment applies to convicted prisoners; the Due Process Clause of the Fourteenth Amendment applies to pretrial detainees; and the Fourth Amendment applies to arrestees who haven't received a probable cause determination yet. *See Collins v. Al-Sahmi*, 851 F.3d 727, 731 (7th Cir. 2017).

In the absence of additional information, it is reasonable to infer that Hornung was a pretrial detainee. But even if Hornung hadn't received a probable cause determination yet, the standards under the Due Process Clause and the Fourth Amendment are "effectively the same for judging the adequacy of custodial medical care." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020). A jail official violates the Fourteenth Amendment if: (1) the official acted purposefully, knowingly, or recklessly when the official considered the consequences of his or her actions; and (2) the official's actions were objectively reasonable. *Pittman by & through Hamilton v. Cnty. of Madison, Illinois*, 970 F.3d 823, 827 (7th Cir. 2020); *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018); *Miranda v. County of Lake*, 900 F.3d 335, 350–53 (7th Cir. 2018).

---

[1] Peritonitis "is a redness and swelling (inflammation) of the tissue that lines your belly or abdomen. This tissue is called the peritoneum. It can be a serious, deadly disease." John Hopkins Medicine, https://www.hopkinsmedicine.org/health/conditions-and-diseases/ peritonitis#:~:text=Peritonitis%20is%20a%20redness%20and,be%20a%20serious%2C%20 deadly%20disease.

Hornung hasn't stated a plausible claim against any of the defendants under this standard. Hornung didn't sue any of staff members who treated him; the only defendants are the sheriff, the administrator, and the medical contractor. Supervisors like a sheriff or an administrator can be held personally liable for a constitutional violation if the plaintiff shows that the supervisor knew about the conduct that violated the Constitution and took some action suggesting approval of it. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). In this case, Hornung doesn't allege that any of the defendants knew or had reason to know about his symptoms or that they approved of staff's decisions about how to treat him. So he hasn't stated a claim against Donald Bergbower or Mark Westen in their individual capacities.

Hornung's claims against Advanced Correctional Healthcare, Inc. is governed by the same standard as municipalities. *See Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014). And Hornung's claims against the sheriff and the administrator in their official capacities are treated as claims against the county, *see Hill v. Shelander*, 924 F.2d 1370, 1372–73 (7th Cir. 1991), so those are also governed by the municipal liability standard. This means that Hornung must show that he was harmed by an unconstitutional policy, custom, or practice of the county or the contractor. *Id.*

Hornung doesn't identify an unconstitutional policy, custom, or practice in his complaint. He refers to contractual requirements on Advanced Correctional to have a doctor on call at all times and to have a nurse on staff at least 35 hours a week. Dkt, 2, ¶¶ 14–15. But he neither identifies a constitutional deficiency with those requirements nor alleges that his treatment was delayed because of a policy or practice by Advanced Correctional of failing to comply with those requirements.

Hornung also alleges that Advanced Correctional "failed to provide adequately trained and qualified staff to address the needs of plaintiff Hornung." *Id.*, ¶ 10. A failure to train can satisfy the standard for municipal liability if a "a known or obvious consequence" of a failure to provide a particular type of training is that staff will violate the Constitution. *Connick v. Thompson*, 563 U.S. 51, 61–62 (2011). A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to provide sufficient notice. *Id.* at 62.

A conclusory allegation that Advanced Correctional failed to train its staff doesn't state a claim. *See McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011). Hornung must allege facts from which it may be reasonably inferred that defendants were on notice that the failure to train would lead to objectively unreasonable healthcare decisions in circumstances similar to Hornung's. This includes allegations showing how Advanced Correctional's training was inadequate and how it caused the harm to Hornung.

Hornung hasn't plausibly alleged that any of the defendants can be held liable for violating his constitutional right to medical care, so I will dismiss the complaint. But the general rule is that the plaintiff should have an opportunity to correct the defects in his complaint, *see Zimmerman v. Bornick*, 25 F.4th 491, 493–94 (7th Cir. 2022), so I will give Hornung a deadline for filing an amended complaint.

ORDER

IT IS ORDERED that plaintiff Matthew J. Hornung's complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted. Hornung may

have until July 5, 2022, to file an amended complaint. If he fails to do so, the court will dismiss the case with prejudice.

 Entered June 15, 2022.

         BY THE COURT:

         /s/

         _____
         JAMES D. PETERSON
         District Judge